UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SEAN COLEMAN,                          Case No. 1:05-cv-700

       Plaintiff,                             Weber, J.
                                                      Black, M.J.

vs.

WARDEN MICHAEL P. RANDLE, *et al.*,

       Defendants.

**REPORT AND RECOMMENDATION[1] THAT DEFENDANTS' MOTIONS TO DISMISS (Docs. 33 & 34) BE GRANTED AND THIS CASE CLOSED**

Plaintiff Sean Coleman, an inmate at the Loretto Federal Prison Camp, brings this action pursuant to 42 U.S.C. § 1983 against Defendants Richard Guinan, his former criminal defense attorney, Michael P. Randle, the warden of the Ohio prison where he was incarcerated, the Ohio Adult Parole Authority ("OAPA"), and Brigid Slaton, an employee of the OAPA.[2]

This civil action is currently before the Court on Defendants' motions to dismiss (Docs. 33 & 34) and Plaintiff's responsive memoranda (Doc. 39.) Each motion will be addressed in turn.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] Plaintiff was incarcerated at the Hamilton County Justice Center at the time he filed the complaint on October 28, 2005, and his address indicates that he is now incarcerated in Loretto, Pennsylvania.

**I**.

Defendant Richard Guinan ("Guinan") was appointed by Judge Patrick Dinkelacker of the Court of Common Pleas of Hamilton County to represent the Plaintiff Sean Coleman in a criminal proceeding in the Hamilton County Court of Common Pleas, Case No. B-9402197. Plaintiff was indicted by the grand jury for aggravated trafficking in cocaine and for receiving stolen property. Plaintiff was found guilty of aggravated trafficking in cocaine and was sentenced to five to fifteen years of incarceration.

The First District Court of Appeals of Ohio affirmed the conviction. *State v. Coleman* (August 20, 1999), Hamilton App. No. C-980617, 1999 Ohio App. LEXIS 3834. Thereafter, Plaintiff filed a petition for a writ of habeas corpus. Plaintiff's petition was granted by the trial court and affirmed by the Sixth Circuit Court of Appeals. *Coleman v. Ohio Adult Parole Authority*, 118 Fed. Appx. 949, 2004 U.S. App. LEXIS 27278. Plaintiff was not retried because he was serving a federal jail sentence. *State v. Coleman* (Jan. 21, 2005), Hamilton C.P. No. B94197). The federal sentence was for being a felon in possession of a firearm, and it was affirmed in *United States v. Coleman*, 458 F.3d 453 (6th Cir. 2006).

Thereafter, Plaintiff filed the instant action on October 25, 2005. Plaintiff alleges, *inter alia*, that Defendant Guinan was found to be ineffective during the initial criminal proceeding. Plaintiff's complaint also seeks to recover damages from the Warden of the prison where he was incarcerated, the Ohio Parole Authority, and Ms. Slaton, an

employee of the OAPA. Plaintiff asserts that Warden Randle, the OAPA, and Ms. Slaton are liable for plaintiff's "wrongful imprisonment" under 42 U.S.C. § 1983. (Doc. 1, p. 5). Plaintiff is seeking to recover $2,000,000 as restitution for being "incarcerated for years for a crime he did not commit." (*Id.* at p. 6).

For the reasons that follow, the undersigned finds that Defendants' motions are well-taken, and this case should be dismissed.

**II**.

The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief if all the facts and allegations in the complaint are taken as true. *See Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993) To that end, for purposes of a motion to dismiss under Rule 12(b)(6), the complaint must be construed in the light most favorable to the nonmoving party and its allegations taken as true. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995).

Nevertheless, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007) (internal citations omitted).

Similarly, when a defendant moves to dismiss on grounds of lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the Court must take all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *See United States v. Ritchie,* 15 F.3d 592, 598 (6th Cir. 1994); *Ohio Nat'l. Life Ins. Co. v. United States,* 922 F.2d 320, 325 (6th Cir. 1990). Nonetheless, "the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Moir v. Greater Cleveland Reg'l Transit Auth.,* 895 F.2d 266, 269 (6th Cir. 1990).

In reviewing a Rule 12(b)(1) motion, the district court has wide discretion to allow affidavits, documents, and even to conduct a limited evidentiary hearing if necessary. *Ohio Nat'l Life Ins. Co.,* 922 F.2d at 325; *Rogers v. Stratton Indus.,* 798 F.2d 913, 916 (6th Cir. 1986); *see also Artis v. Greenspan,* 223 F. Supp. 2d 149, 152 (D.D.C. 2002) (citing *Land v. Dollar,* 330 U.S. 731, 735 n.4 (1947)). So long as the Court considers matters outside the pleadings only with respect to the issues relating to lack of subject matter jurisdiction, a motion to dismiss is not converted to one for summary judgment. *Artis,* 223 F. Supp. 2d at 152 n.1.

### III.

*A.  Plaintiff's Claims Against Defendant Guinan Should be Dismissed.*

As noted above, Plaintiff alleges that Defendant Guinan was "ineffective" in his representation of Plaintiff. (Complaint, p.5). Defendant Guinan, however, asserts that Plaintiff's complaint fails to contain elements of recovery under any viable legal theory and should be dismissed. The undersigned agrees.

Specifically, to state a claim under 42 U.S.C. § 1983, a plaintiff must allege : (1) the violation of; (2) a right secured by the Constitution and laws of the United States; and must show (3) that the alleged violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988) (citing 42 U.S.C. §1983); *Mezibov v. Allen*, 411 F.3d 712, 716-717 (6th Cir. 2005). If a plaintiff fails to make a showing on any essential element of a §1983 claim, it must fail. *Redding v. St. Edward*, 241 F.3d 530, 532 (6th Cir. 2001).

Here, Plaintiff failed to allege any violation of any Constitutional right and failed to allege that Guinan was a person acting under color of state law. Furthermore, even assuming Plaintiff is asserting a claim for malpractice under state law, such claim is time-barred. *See* Ohio Rev. Code §2305.11(A) (The statute of limitations in Ohio for legal malpractice is one year). Accordingly, the undersigned finds that Plaintiff's claims against Defendant Guinan are properly dismissed.

  B.    *Plaintiff's Claims Against the Remaining Defendants Should Also Be Dismissed.*

With respect to the remaining Defendants, Warden Randle, the OAPA, and Ms. Slaton, Plaintiff's complaint also fails to state a claim upon with relief may be granted.

To establish liability under 42 U.S.C. §1983, a plaintiff must plead and prove that each defendant is personally responsible for the unconstitutional actions that injured him. *Monell v. New York City Department of Social Services*, 436 U.S. 658, 694 (1978). Even *respondeat superior* is not a basis for liability under §1983. *Rizzo v. Goode*, 423 U.S.

362, 371 (1976).

There must be direct participation by the defendant in the plaintiff's alleged constitutional deprivation.  Here, Plaintiff fails to allege or eve suggest that any such participation, or any connection at all, exists.  As noted above, Plaintiff claims that he was convicted by an Ohio Court and sentenced to a term of incarceration.  He alleges that the conviction was later overturned by the Sixth Circuit Court of Appeals.  Plaintiff has failed to allege facts showing that any of these Defendants had any personal involvement with the wrongs complained of.

More importantly, absolute immunity bars Plaintiff's claims against Warden Randle and Ms. Slaton.  A warden is absolutely immune from damages flowing from the fact of a prisoner's incarceration, when that incarceration occurs pursuant to a facially valid order of confinement.  *Patterson v. Von Riesen*, 999 F.2d 1235 (8th Cir. 1993) ("Prison wardens are absolutely immune from damages on [plaintiff's] wrongful conviction claims.")  Furthermore, "[p]arole board members are absolutely immune from liability for their conduct in individual parole decisions when they are exercising their decision making powers."  *Horton v. Martin* 137 Fed.Appx. 773, 775, 2005 WL 1384306, 2 (6th Cir. 2005) (quoting *Walter v. Torres*, 917 F.2d 1379, 1384 (5th Cir.1990)).  Likewise, those who make recommendations concerning parole also enjoy absolute immunity.  *See Anton v. Getty*, 78 F.3d 393, 396 (8th Cir.1996) (hearing examiner and probation officer who recommended delay of parole entitled to absolute immunity).

Additionally, Plaintiff's claims against the OAPA are barred by the Eleventh Amendment.

The Eleventh Amendment to the United States Constitution provides that:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state.

Thus, the Eleventh Amendment prohibits the federal courts from granting money judgments or injunctive relief against state agencies. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984); *Alabama v. Pugh*, 438 U.S. 781 (1978).

In this case the Plaintiff seeks relief in a federal court directly against the OAPA, a state agency. The State of Ohio has not consented to being sued in this Court. Therefore, Plaintiff's claims against the OAPA are barred by the Eleventh Amendment to the United States Constitution and should be dismissed.

## IV.

Accordingly, for the reasons stated herein, it is **RECOMMENDED** that defendants motions to dismiss (docs. 33, 34) be **GRANTED**, and this case **CLOSED**.  It is further **RECOMMENDED** that the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith.  *See Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

Respectfully submitted,

Date: August 27, 2008

 s/Timothy S. Black
Timothy S. Black
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SEAN COLEMAN,  Case No. 1:05-cv-700

    Plaintiff,  Weber, J.
                                                                                                               Black, M.J.

vs.

WARDEN MICHAEL P. RANDLE, *et al.*,

    Defendants.

## NOTICE

    Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **TEN (10) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).